Balwinder Singh MALHI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73440.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

James T. Reynolds, Washington, DC, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Balwinder Singh Malhi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings due to ineffective assistance of counsel. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review only the BIA's denial of Malhi's second motion to reopen, as he did not petition for review of the BIA's denial of his first motion to reopen. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1996). We deny the petition for review in part and dismiss it in part.

Reviewing for abuse of discretion, *see Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), we conclude that the BIA acted within its discretion in denying Malhi's motion to reopen on the ground that he failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). To be timely filed, Malhi's second motion to reopen must depend on the ineffectiveness of his second counsel. Yet, Malhi did not comply with the *Lozada* requirement to provide this prior counsel with notice and an opportunity to respond. *See Reyes v. Ashcroft*, 358 F.3d 592, 599 (9th Cir. 2004) ("Because Reyes cannot prove he gave [counsel] notice of the ineffective assistance allegations or an adequate opportunity to respond, we conclude that Reyes has not substantially satisfied *Lozada*."). Prior counsel's alleged ineffectiveness is not evident from the record before us. Accordingly, we deny this aspect of the petition for review. *See id.* at 597.

To the extent that Malhi challenges the BIA's failure to reopen his proceedings *sua sponte*, we lack jurisdiction over this claim. *See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir.2002).

We also lack jurisdiction over Malhi's contention that he did not receive adequate warnings from the immigration judge concerning the consequences of overstaying his voluntary departure period, as this claim was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

Malhi's pending motion to stay removal, post a bond, or remand is denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**